NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALON DEVELOPMENT CORP., | Case No. 22cv6724 (EP) |
| Plaintiff, | OPINION |
| v. | |
| AMANDA VINAL, SHELBIE BRENNEN, UNADILLA HAIR COMPANY, and JANE DOE, | |
| Defendants. | |

**PADIN, District Judge.**

This matter comes before the Court upon its own motion. For the reasons set forth below, Plaintiff Salon Development Corp.'s ("Salon") Complaint shall be transferred to the United States District Court for the Northern District of New York.

I.   **BACKGROUND**[1]

Salon is a New Jersey corporation, which owns and operates salons in several states, including, as relevant here, in New York. D.E. 1 "Compl." ¶¶ 1, 8. Defendants Amanda Vinal and Shelbie Brennen are New York residents. *Id.* ¶¶ 3-4. Both Vinal and Brennen were employed as hairstylists for a number of years at Salon's Sidney location[2] in New York. *Id.* ¶¶ 11, 15. At the time they were hired by Salon, Vinal and Brennen signed employment contracts that contained

---

[1] The facts in this section are taken from the well-pled allegations in the Complaint, which the Court presumes to be true for purposes of resolving the instant motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[2] Lemon Tree Salon. D.E. 1-1 at 17.

a non-competition provision and a non-solicitation provision. *Id.* ¶¶ 12-18. Vinal and Brennen's employment contracts did not contain a forum selection provision.

The non-competition provision provided:

> The Employee agrees that while employed by [Salon] and for **twelve months** after the conclusion of his/her employment with [Salon], the Employee shall not, directly or indirectly, on his/her own behalf or on another's behalf, be employed by, be contracted to, own, manage, operate, control, participate in, or be associated in any manner with the ownership, management, operation or control of any hair salon located within a **ten mile radius** of any [Salon] in which Employee has worked, operated, managed or supervised during the last **twelve months** of his/her employment with [Salon].

D.E. 1-1 at 5, 8 (emphasis added).

The non-solicitation provision provided:

> The Employee agrees that while employed by [Salon] and for **twelve months** after the conclusion of his/her employment with [Salon], he/she will not directly or indirectly solicit, contact, call upon, communicate with or attempt to communicate with any customer or former customer of [Salon] for the purpose of providing any product or service reasonably deemed competitive with any product or service then offered by [Salon]. This restriction shall apply only to any customer or former customer of [Salon] with whom the Employee had contact during the last **twelve months** of his/her employment with [Salon]; or any customer or former customer of [Salon] for which the Employee has obtained confidential information or trade secrets, as defined by this Agreement, during the last **twelve months** of his/her employment with [Salon].

*Id.* (emphasis added).

On or about September 24, 2022, Vinal and Brennen resigned from their respective positions with Salon. Compl. ¶ 20. Brennen subsequently opened a competing salon, Unadilla Hair Co. ("Hair Co."), less than five miles away from Salon. *Id.* Salon also names Hair Co. as a Defendant. Vinal accepted a position and is now employed by Hair Co. *Id.* ¶ 21.

On November 22, 2022, Salon filed suit against Vinal, Brennen, Hair Co., and Jane Doe (collectively, "Defendants") in this Court. *See* Compl. Salon brings three counts: (1) breach of

2

contract against Vinal and Brennen; (2) breach of duty of loyalty against Vinal and Brennen; and (3) tortious interference against Hair Co.  *Id.* ¶¶ 38-60.

On November 22, 2022, Salon also moved for preliminary injunctive relief against Defendants.  D.E. 1-2.

## II. LEGAL STANDARD

In federal court, questions of venue are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406.[3]  28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Third Circuit has recognized that district courts "may transfer a case at the parties' request or sua sponte, it need not investigate on its own all other courts that 'might' or 'could have' heard the case."  *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (citing 28 U.S.C. §§ 1404(a), 1406(a));  *Amica Mutual Insurance Co. v. Fogel*, 656 F.3d 167, 180 (3d Cir. 2011) (recognizing sua sponte transfers);  *Lafferty v. Gito St. Riel*, 495 F.3d 72 (3d Cir. 2007) (providing that "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties.").

"The decision to transfer under § 1404(a) is entirely within the discretion of the district court and involves an individualized, fact-intensive consideration of all the relevant factors."  *Ziembiewicz v. R+L Carriers, Inc.*, 2013 U.S. Dist. LEXIS 17114, at *5-6 (D.N.J. Feb. 8, 2013 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988).  "A determination that transfer to another jurisdiction is appropriate represents an 'exercise[ ] of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a

---

[3] The Court notes that its analysis is governed by Section 1404(a), not Section 1406, because the Court does not conclude that the District of New Jersey is an improper venue.

3

particular action be litigated in one forum rather than another.'" *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (internal citations omitted).

In considering whether transfer is appropriate, a district court must first determine whether the alternative venue is one in which the case "might have been brought." 28 U.S.C. § 1404(a). Next, a district court must consider the private and public interest factors relevant to a transfer pursuant to Section 1404(a). *Ziembiewicz*, 2013 U.S Dist. LEXIS 17114, at *6. The private interests to consider include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in one of the fora; and (6) the location of books and records. *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998). The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations in making the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879.

### III.   DISCUSSION

Upon review of Salon's Complaint and balancing of the relevant private and public interest factors, the Court will exercise its discretion to *sua sponte* transfer this case to the Northern District of New York.

A.     **Private Interest Factors**

While several of the private interest factors outlined in *Jumara* are neutral, those that are not neutral favor transfer to the Northern District of New York.

*1.     Plaintiff's forum preference*

Salon has chosen New Jersey as its forum. But all of the conduct that Salon complains of occurred in New York, not New Jersey. As such, Salon's choice is entitled to less deference. *See Ziembiewicz*, 2013 U.S. Dist. LEXIS 17114, at *7 (citation omitted).

*2.     Defendants' forum preference*

New York is a more convenient location for Defendants because Hair Co. is located in New York and Vinal and Brennen live and work in New York. This factor favors transfer to New York.

*3.     Where the claim arose*

Salon's claim arose in New York. Specifically, Salon's relevant location is in New York, Vinal and Brennen worked at that location prior to their respective resignations, and Hair Co., Salon's alleged competitor and Vinal and Brennen's new place of employment, is located in New York. Additionally, the Complaint does not allege that Vinal and Brennen ever worked at one of Salon's New Jersey locations nor that they traveled to New Jersey for any purposes related to their employment with Salon. This factor weighs strongly in favor of transfer to New York.

*4.     Convenience of the parties as indicated by their relative physical and financial condition*

With respect to Defendants, New York is where they call home, and is undoubtedly more convenient than New Jersey. Salon has several locations in New York, including the relevant salon located in Sidney; thus, the Court will not infer an inconvenience to Salon.

5. *Convenience of the witnesses to the extent they may be unavailable for trial*

The Court considers this factor, but only to "the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Party witnesses are not considered part of this analysis because party witnesses are presumed to be willing to testify at trial no matter the inconvenience. *Ziemkiewicz*, 2013 U.S. Dist. LEXIS 17114, at *11-12 (citations omitted). Therefore, this factor is neutral.

6. *Location of books and records*

The location of books and records is only material "to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Thus, despite the possibility that Salon's books and records may physically be in New Jersey, there is no reason to believe that any relevant materials would not be readily available in New York. Thus, this factor is neutral.

**B.      Public Interest Factors**

While most of the public interest factors outlined in *Jumara* are neutral, those that are not neutral favor transfer to the Northern District of New York. First, the enforceability of the judgment is not at issue. Second, with respect to the practical considerations in making the trial easy, expeditious or expensive, a trial in Newark, New Jersey, is unfavorable. Defendants, Salon's relevant salon, and the alleged solicited customers are all in New York, not New Jersey. The fact that Salon's counsel is based in New Jersey also does not factor into the issue of venue. *See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973). Third, New York has a local interest in resolving disputes arising out of employment contracts that are performed in the state. In contrast, there is no forum selection provision in the relevant employment contracts and the claim did not arise in New Jersey; thus, New Jersey's interest is de minimis. The burden of jury duty should therefore not be imposed on New Jersey jurors. *See, e.g., Ferens v. John Deere*

*Co.*, 494 U.S. 516, 529-30 (1990) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.") (internal citation omitted). A New York jury is more appropriate. Finally, a district court in New York is equally capable of applying diverse laws.

Accordingly, the public interest factors favor transferring this matter to the Northern District of New York.

IV. **CONCLUSION**

Based on the Court's consideration of the private and public interest factors set forth above, it finds that transfer to X is appropriate. As such, the instant matter shall be transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a). An appropriate Order accompanies this Opinion.

Dated: November 23, 2022

_____
Hon. Evelyn Padin, U.S.D.J.